IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JAMES DANIEL MCCRACKEN,** | CASE NO. 4:06CV3191 |
| **Plaintiff,** | |
| v. | ORDER ON INITIAL REVIEW |
| **U.S. MARSHALS, UNKNOWN THOMAS, and JEFFREY THOMAS,** | |
| **Defendants.** | |

Before the court is Filing No. 2, the Motion to Proceed In Forma Pauperis ("IFP") filed by the pro se plaintiff, James Daniel McCracken, a prisoner in the custody of the U.S. Marshals. The plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs by the U.S Marshals, Dr. Thomas, and plaintiff's attorney Jeffery Thomas.

By moving for leave to proceed IFP, the plaintiff subjects the complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

### Color of State Law

42 U.S.C. § 1983 provides a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action under 42 U.S.C. § 1983, the plaintiff must

establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law." "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations." Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991). Therefore, the plaintiff has failed to state a claim for which relief can be granted against Jeffrey Thomas and he is dismissed as a defendant.

**Immunity**

Furthermore, the United States is shielded by sovereign immunity from the plaintiff's claim for damages. *See, e.g.*, FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Sovereign immunity is jurisdictional in nature." FDIC v. Meyer, 510 U.S. at 475, *citing* United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

The plaintiff has also failed to allege a cognizable Bivens action. In Bivens v. Six Unknown Named Agents, 403 U.S. 388, 395-97 (1971), the United States Supreme Court stated that damages may be obtained for constitutional injuries inflicted by individual federal officials. However, while a Bivens action may be maintained against federal officials in their individual capacity for their constitutional torts, such an action may not be asserted or implied directly against the United States, its agencies, or against federal agents and employees in their official capacity. FDIC v. Meyer, 510 U.S. 471, 473, 484-86 (1994). The plaintiff has not named or served any individual federal defendants. As a Bivens action may not be asserted directly against the United States and its agencies, and

as no individual federal defendant has been named or served, the plaintiff has not brought a cognizable <u>Bivens</u> action. Thus the plaintiff's claims against the U.S. Marshals must be dismissed.

### Individual and Official Capacities

The remaining defendant is Dr. Thomas, an employee of Pottowattamie County. A government employee named as a defendant may be liable for damages in the employee's individual capacity if the employee personally violated the Constitution or federal law and thereby infringed the plaintiff's rights. When a plaintiff names a governmental employee as a defendant, the plaintiff should state, preferably in the caption of the complaint, whether the defendant is sued in his or her official capacity, individual capacity or both capacities. If no capacity is specified, as in this case, official capacity, **only**, will be presumed. See generally <u>Johnson v. Outboard Marine Corp.</u>, 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

### Meaning of Official Capacity

A suit against a public employee in his or her official capacity is merely a suit against the public employer. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985). Accordingly, the plaintiff's claims against Dr. Thomas presently constitute a claim against Pottowattamie County only.

### Amendment to Complaint

If he chooses to do so, the plaintiff is hereby granted leave to file a short supplement to his complaint specifying whether the persons named as defendants in the caption of the complaint are sued in their individual capacity, official capacity or both capacities.  In the absence of such an amendment, the defendants will be deemed to have been sued *only* in their official capacity, which means that only their employer, the State of Nebraska, and not the defendants individually, could be liable to the plaintiff.  As stated above, no monetary relief may be obtained from the State.  The deadline for any such supplement is 30 days from the date of this Order on Initial Review.

## PLRA

The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation.  42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison.  42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not use the available grievance procedures, including an appeal or Step Two grievance, before filing this lawsuit, the plaintiff's claim may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress.  See 42 U.S.C. § 1997e(e):  "Limitation on recovery.  No Federal civil action may be brought by a

prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendant, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. The "U.S. Marshals" are dismissed as defendants from this litigation because the United States is immune from claims for damages.

2. Jeffrey Thomas, plaintiff's attorney, is dismissed as a defendant because he is not an actor under color of state law.

3. Filing Nos. 6 and 7 are granted and the Clerk of Court shall send plaintiff copies of his Complaint and his Motion to Proceed In Forma Pauperis.

4. The plaintiff's motion to proceed In Forma Pauperis (Filing No. 2) is granted.

5. To effect service of process on Dr. Thomas in his official capacity the defendant should serve the Pottawattamie Clerk of Court at 227 South 6th Street Council Bluffs, IA 51501.

6. To obtain service of process on the defendant, the plaintiff must complete and return forms which the Clerk of Court will provide. The plaintiff may review the Instructions attached to this order for completing summons and 285 forms, and the plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of those forms, service of process cannot occur.

7. An employee of the County who is sued in his or her *individual capacity*, may be served at one or more address(es) where the party may be found, such as at home or at work (if still employed there). Each defendant in his or her *individual capacity* must be named on a separate summons form. However, no defendant may be served in his or her individual capacity if the complaint does not specify suit in that defendant's individual capacity.

8. Upon receipt of the completed summons and 285 form, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, and amendments if any, to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

9. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

10. The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. Therefore, if service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

11. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel,

a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

12. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

13. Each defendant shall have twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

14. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

15. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal of this litigation.

DATED this 30th day of August, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

## INSTRUCTIONS: SUMMONS FORMS AND FORMS 285
### FOR PLAINTIFFS PROCEEDING PRO SE AND IN FORMA PAUPERIS

**1.** A SUMMONS PROVIDES NOTICE TO A DEFENDANT THAT THE DEFENDANT HAS BEEN SUED AND MUST ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT.

**2.** A FORM **USM-285** ("FORM 285") PROVIDES DIRECTIONS TO THE U.S. MARSHAL AS TO WHOM TO SERVE WITH PROCESS ON YOUR BEHALF AND WHERE TO SERVE THE DEFENDANT(S). THE U.S. MARSHAL SERVES THE DEFENDANT(S) WITHOUT COST TO YOU BECAUSE YOU ARE PROCEEDING IN FORMA PAUPERIS ("IFP").

**3.** THE STATE OF NEBRASKA, ITS AGENCIES, AND ITS EMPLOYEES IN THEIR OFFICIAL CAPACITY MAY BE SERVED BY A SUMMONS DELIVERED PURSUANT TO NEB. REV. STAT. § 25-510.02:

> NEB. REV. STAT. § 25-510.02(1) STATES IN PERTINENT PART: "THE STATE OF NEBRASKA, ANY STATE AGENCY ... AND ANY EMPLOYEE OF THE STATE ... SUED IN AN OFFICIAL CAPACITY MAY BE SERVED BY LEAVING THE SUMMONS AT THE OFFICE OF THE ATTORNEY GENERAL ... OR BY CERTIFIED MAIL SERVICE ADDRESSED TO THE OFFICE OF THE ATTORNEY GENERAL."

WHEN COMPLETING THE FORMS, THE ADDRESS OF THE NEBRASKA ATTORNEY GENERAL'S OFFICE IS 2115 STATE CAPITOL, LINCOLN, NEBRASKA 68509.

**4.** BE SURE TO PRINT YOUR CASE NUMBER ON ALL FORMS. DO NOT COPY YOUR COMPLAINT TO ATTACH TO THE SUMMONS. THE COURT WILL DO THAT FOR YOU.

**5.** YOU MAY SERVE ONLY DEFENDANT(S) NAMED IN THE CASE CAPTION OF THE COMPLAINT. IF YOU WANT TO SERVE ADDITIONAL DEFENDANTS, YOU MUST MOVE FOR LEAVE TO AMEND YOUR COMPLAINT TO ADD OTHERS TO THE CASE CAPTION.

**6.** DO NOT LEAVE AN ADDRESS BLANK REGARDING THE PARTY TO BE SERVED. THE U.S. MARSHAL WILL NOT KNOW A DEFENDANT'S ADDRESS.

**7.** WHERE A SUMMONS FORM STATES: "YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE ON PLAINTIFF'S ATTORNEY" PRINT <u>YOUR</u> NAME AND ADDRESS.

**8.** WHERE A FORM 285 STATES: "SEND NOTICE OF SERVICE COPY TO REQUESTOR AT NAME AND ADDRESS" PRINT <u>YOUR</u> NAME AND ADDRESS.

**9.** WHERE A FORM 285 CALLS FOR "SIGNATURE OF ATTORNEY OR OTHER ORIGINATOR" PROVIDE YOUR SIGNATURE AND DATE THE FORM.

**10.** **LEAVE THE LAST PART OF THE SUMMONS FORM BLANK. THE COURT WILL FILL IN THE NUMBER OF DAYS IN WHICH THE DEFENDANT MUST ANSWER, AND THE COURT WILL SIGN AND DATE THE FORM.**