IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JAMES DANIEL MCCRACKEN,** | ) | CASE NO. 4:06CV3191 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| **UNKNOWN THOMAS, Dr., in their** | ) | **AND ORDER** |
| **individual capacity, UNKNOWN, U.S.** | ) | |
| **Marshals, in their individual capacity,** | ) | |
| **UNKNOWN, OPD Officer, in their** | ) | |
| **individual capacity, UNKNOWN** | ) | |
| **CAROL, Ms., in their individual** | ) | |
| **capacity, TERRI JACKSON, in their** | ) | |
| **individual capacity, LOYD TRUST,** | ) | |
| **U.S. Marshal, in their individual** | ) | |
| **capacity, and UNKNOWN, FBI Agent,** | ) | |
| **in their individual capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on defendant, Jon Thomas's, Motion to Dismiss (Filing No. 40), and defendants, Carol Durham's and Terry Jackson's, Motion to Dismiss (Filing No. 44).

Defendant Thomas has moved for dismissal of the complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Defendants Durham and Jackson have moved for dismissal of the complaint based on Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(3) for improper venue, and in the alternative, for a transfer of venue to the Southern District of Iowa Western Division. Plaintiff has not filed a response to the motions for dismissal.

In a federal question case, venue is proper:

only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

> property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action my otherwise be brought.

28 U.S.C. § 1391(b). When considering whether venue is proper among two or more districts, the question is not which district among the potential forums is the best venue, but rather "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Setco Enters. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994).

The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that he was denied medical treatment while incarcerated at the Pottawattamie County Jail. All of the events giving rise to the alleged medical neglect occurred while plaintiff was incarcerated in the Pottawattamie County Jail. Therefore, because all of the events giving rise to plaintiff's complaint occurred in the Pottawattamie County Jail in Council Bluffs, Iowa, the United States District Court for the District of Nebraska is not the proper venue for this case.

However, 28 U.S.C. § 1404(a) states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiff could have brought this action in the United States District Court for the District of Iowa. 28 U.S.C. § 1404(a) affords a federal district court considerable discretion in deciding whether to transfer venue. See *Terra International, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 697 (8th Cir. 1997), *cert. denied*, 118 S. Ct. 629 (1997). Accordingly, this action will be transferred to the United States District Court for Southern District of Iowa Western Division.

THEREFORE, IT IS ORDERED:

1. That pursuant to 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for Southern District of Iowa Western Division;

2. That this case shall be closed for statistical purposes by the Clerk of Court for the District of Nebraska;

3. That the Clerk of Court for the District of Nebraska shall deliver the record of this case in a form, whether electronic or otherwise, which is acceptable to the transferee Court;

4. That the Clerk of Court for the District of Nebraska shall send a copy of this Memorandum and Order to the plaintiff; and

5. That all pending motions are denied without prejudice subject to reassertion in the transferee court.

DATED this 6th day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge